■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NIALS, Appellant. [619 NYS2d 20] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered February 3, 1993, convicting defendant, upon his plea of guilty of criminal possession of a weapon in the third and fourth degrees, and sentencing him to concurrent prison terms of 1 year, unanimously affirmed.

We reject defendant's claim that the bag containing the gun was unlawfully seized and should not in any event have been opened without a search warrant. Evidence at the hearing was that the uniformed arresting officer responded to an early morning radio message of shots fired in an area where there had been a traffic accident a short time before; arriving at the scene, the officer, while still in his vehicle, received another radio message of a black male wearing black pants and a light or white colored sweatshirt having put a gun in the trunk of a black car; simultaneously, the officer observed defendant, who matched the description, opening the trunk of a black car; the officer, without drawing his gun, exited his vehicle, approached defendant, who held a black leather bag, told defendant not to open the trunk and asked to see the bag; and defendant then gave the bag to the officer who felt what seemed to be a gun inside, and, upon opening the bag, discovered a loaded automatic gun, whereupon, he arrested defen-

dant. This evidence, credited by the hearing court, gave rise to a founded suspicion that criminality was afoot justifying a common-law right of inquiry *(see, People v De Bour,* 40 NY2d 210, 223) that the officer exercised when he asked defendant for the bag *(see, People v Benjamin,* 51 NY2d 267, 270-271). Furthermore, the report of shots fired, coupled with the fact the bag felt like it contained a gun, justified the officer's limited intrusion of opening the bag in order to insure his safety *(see, People v Benjamin, supra,* at 271; *People v De Bour, supra,* at 225). Concur—Sullivan, J. P., Ellerin, Kupferman and Williams, JJ.